**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

GLENN ACCIARD, HOWARD AMBERG,
ANNE AND JOHN AMERICA, et al.,

        Plaintiffs,

-vs-                                Case No. 2:07-cv-476-FtM-34SPC

RUSSELL WHITNEY, JOHN KANE,
WHITNEY EDUCATION GROUP INC., et
al.,

        Defendants.
_____/

**ORDER**

**THIS CAUSE** is before the Court on the following: (1) Defendants Gulfstream Development Group, LLC, Gulfstream Investment Group, LLC, Brian Haag, and Paradise Title Services, Inc.'s Motion to Dismiss (Dkt. No. 9; Motion to Dismiss 1), filed on April 18, 2007; (2) Defendants Gulfstream Realty & Development, LLC, Douglas Realty, Inc., Kevin Haag, and Douglas Haag's Motion to Dismiss (Dkt. No. 18; Motion to Dismiss 2), filed on April 19, 2007; and (3) Defendant First Community Bank of Southwest Florida's Motion to Dismiss (Dkt. No. 25; Motion to Dismiss 3), filed on May 3, 2007 (collectively "Motions to Dismiss"). Plaintiffs have filed a response in opposition to Motion to Dismiss 1. See Plaintiffs' Memorandum of Law in Opposition to Defendants' Gulfstream Development Group, LLC, Gulfstream Investment Group, LLC, Brian Haag and Paradise Title Services, Inc.'s Motion to Dismiss (Dkt. No. 61), filed on August 31, 2007. Although given adequate

time to do so, Plaintiffs have not responded to Motion to Dismiss 2 or Motion to Dismiss 3.[1] Accordingly, the Motions to Dismiss are ripe for review.

On or about March 13, 2007, Plaintiffs filed this action in the Twentieth Judicial Circuit, in and for Lee County, Florida. See Notice of Removal (Dkt. No. 1) at 1; Complaint (Dkt. No. 2) at 1. On July 31, 2007, Defendant National Credit Union Administration Board, in its capacity as Conservator for the Huron River Area Credit Union, removed the case to this Court pursuant to 12 U.S.C. § 1789(a)(2) and 42 U.S.C. § 1442. See Notice of Removal at 2. Prior to removal, Defendants Gulfstream Development Group, LLC, Gulfstream Investment Group, LLC, Brian Haag, Paradise Title Services, Inc., Gulfstream Realty & Development, LLC, Douglas Realty, Inc., Kevin Haag, Douglas Haag, and First Community Bank of Southwest Florida (collectively "Defendants") filed the Motions to Dismiss, asserting that the case should be dismissed because Plaintiffs failed "to attach contracts or documents upon which the causes of action are brought", as required by Florida Rule 1.130, Florida Rules of Civil Procedure (Florida Rule(s)). See Motion to Dismiss 1 at 2; Motion to Dismiss 2 at 2; Motion to Dismiss 3 at 2.

Florida Rule 1.130 provides that "[a]ll bonds, notes, bills of exchange, contracts, accounts, or documents upon which action may be brought . . . shall be incorporated in or attached to the pleading." However, once this case was removed to federal court, the federal rules of procedure rather than state rules of procedure became applicable. See Hollis v. Fla. State Univ., 259 F.3d 1295, 1299 (11th Cir. 2001). The Federal Rules of Civil

---

[1] While the Court would normally enter an Order requiring Plaintiffs to respond to Motion to Dismiss 2 and Motion to Dismiss 3, the Court finds that a response from Plaintiffs is unnecessary as the Motions to Dismiss are identical and Plaintiffs have provided a response to Motion to Dismiss 1.

Procedure (Federal Rules) do not contain a complimentary rule to Florida Rule 1.130 requiring contracts and documents to be attached to pleadings. See D'Alessandris v. Ley, No. 8:07-cv-1975-T-26TGW, 2007 WL 3256459, at * 1 (M.D. Fla. Nov. 2, 2007). Instead, the critical issue under the Federal Rules is whether Plaintiffs have alleged a "short and plain statement of the claim" pursuant to Fed.R.Civ.P. 8(a),[2] rather than whether the contract or document is incorporated into the Complaint. See United States v. Vernon, 108 F.R.D. 741, 742 (S.D. Fla. 1986) ("A reading of the plain language of Fed.R.Civ.P. 10(c) indicates that written instruments are not required to be attached to a party's pleading."); see also 5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1327 (3d ed. 2004) (stating that incorporation of exhibits is permissive and not required). In light of the foregoing, the Motions to Dismiss are due to be denied.

Accordingly, it is **ORDERED:**

1. Defendants Gulfstream Development Group, LLC, Gulfstream Investment Group, LLC, Brian Haag, and Paradise Title Services, Inc.'s Motion to Dismiss (Dkt. No. 9) is **DENIED**.

2. Defendants Gulfstream Realty & Development, LLC, Douglas Realty, Inc., Kevin Haag, and Douglas Haag's Motion to Dismiss (Dkt. No. 18) is **DENIED**.

---

[2] In the Motions to Dismiss, Defendants do not suggest that the Complaint fails to state a claim pursuant to Rule 8(a). See generally Motions to Dismiss.

      3.      Defendant First Community Bank of Southwest Florida's Motion to Dismiss (Dkt. No. 25) is **DENIED**.

      **DONE AND ORDERED** in Fort Myers, Florida, this 20th day of December, 2007.

*/s/ Marcia Morales Howard*
**MARCIA MORALES HOWARD**
United States District Judge

lc3

Copies to:

Counsel of Record