# UNITED STATES DISTRICT COURT

### MIDDLE DISTRICT OF FLORIDA
### FORT MYERS DIVISION

GLENN ACCIARD, HOWARD AMBERG,  WILLIAM
BACIGALUPO, JONATHAN BATES, CYNILLE BATES,
PEGGY A. BEDWELL,  ROBERT FORSCUTT, KAREN
FORSCUTT, BRUCE GHILONI, MITZI GHILONI,
NOEMI HERNANDEZ, GEORGE HERNANDEZ,
DANIEL A. HERSHBERGER, ASTOR HOSANG,
WAYNE I. KACHER, RUTH KACHER, KENNETH
KAPP, CATHERINE KAPP, DEBRA G. LAUBACH,
FREDERICK C. LAUBACH, JR. PETER LEWIS, LYNDA
LEWIS, DONALD L. LODAREK, LAUREN LODAREK,
ANDREW COLIN LONG, DONALD LONG, NINA H.
LONG, RICHARD MAREK, TARI LEE MAREK,
THOMAS MCCANN, DEBORAH MCCANN, JEFF
MONTGOMERY, ELIZABETH MONTGOMERY, CURT
R. NORD, JEANNETTE NORD,  PATRICK SHEEHAN,
RICHARD S. SHIFFLETT, CAROL A. SHIFFLETT,
MERRITT LAWRENCE SILCOX, WILLIAM
TORLUCCI, KATHLEEN TORLUCCI, JAMES E
WOLFE, ROBERT WRIGHT, JOAN WRIGHT,
MICHAEL LAMB, MARGARET LAMB, and URSULA
FRITSCH,

                Plaintiffs,

-vs-                                                Case No.  2:07-cv-476-FtM-36DNF

RUSSELL WHITNEY, JOHN KANE, WHITNEY
EDUCATION GROUP, INC., GULFSTREAM
DEVELOPMENT GROUP.  LLC, GULFSTREAM
REALTY & DEVELOPMENT, LLC, GULFSTREAM
INVESTMENT GROUP, LLC, UNITED MORTGAGE
CORPORATION, KEVIN CARAOTTA, DOUGLAS
REALTY, INC., BRIAN HAAG, KEVIN HAAG,
DOUGLAS HAAG, PARADISE TITLE SERVICES, INC.,
THE CONSTRUCTION LOAN COMPANY,
INC.GREENBRIAR REAL ESTATE HOLDINGS, INC,
WEBSTER BANK, NA, NORLARCO CREDIT UNION,
FIRST COMMUNITY BANK OF SOUTHWEST
FLORIDA, VISION CAPITAL ENTERPRISES, INC,
EMC MORTGAGE CORPORATION, NATIONAL
CREDIT UNION ADMINISTRATION BOARD AS
LIQUIDATING AGENT FOR HURON RIVER AREA
CREDIT UNION,

                Defendants.

_____

# JUDGMENT IN A CIVIL CASE

**Decision by Court.**    This action came to trial or hearing before the Court.  The issues have been tried or heard and a decision has been rendered.

       **IT IS ORDERED AND ADJUDGE** that pursuant to the Court's Order entered on February 10, 2011, the Stipulation of Voluntary Dismissal is APPROVED. All Counts and all claims of the First Amended Complaint are dismissed, with prejudice, as to Whitney Information Network, Inc., Whitney Education Group, Inc., and Wealth Intelligence Academy, Inc., each party to bear their own costs and attorneys' fees.

Date:     February 11, 2011

                                SHERYL L. LOESCH, CLERK

                                By: /s/ Samantha Blake, Deputy Clerk

c:  All parties and counsel of record

## CIVIL APPEALS JURISDICTION CHECKLIST

1.    **Appealable Orders**: Courts of Appeals have jurisdiction conferred and strictly limited by statute:

    (a)    **Appeals from final orders pursuant to 28 U.S.C. Section 1291**: Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C. Section 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. V. Mestre, 701 F.2d 1365, 1368 (11th Cir. 1983). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. Section 636(c).

    (b)    **In cases involving multiple parties or multiple claims**, a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b), Williams v. Bishop, 732 F.2d 885, 885-86 (11th Cir. 1984). A judgment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S. 196, 201, 108 S. Ct. 1717, 1721-22, 100 L.Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

    (c)    **Appeals pursuant to 28 U.S.C. Section 1292(a)**: Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions..." and from "[i]nterlocutory decrees...determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

    (d)    **Appeals pursuant to 28 U.S.C. Section 1292(b) and Fed.R.App.P.5**: The certification specified in 28 U.S.C. Section 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

    (e)    **Appeals pursuant to judicially created exceptions to the finality rule:** Limited exceptions are discussed in cases including, but not limited to: Cohen V. Beneficial Indus. Loan Corp., 337 U.S. 541,546,69 S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F. 2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S. Ct. 308, 312, 13 L.Ed.2d 199 (1964).

2.    **Time for Filing:** The timely filing of a notice of appeal is mandatory and jurisdictional. Rinaldo v. Corbett, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P.4(a) and (c) set the following time limits:

    (a)    **Fed.R.App.P. 4(a)(1)**: A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD - no additional days are provided for mailing.** Special filing provisions for inmates are discussed below.

    (b)    **Fed.R.App.P. 4(a)(3)**: "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

    (c)    **Fed.R.App.P.4(a)(4)**: If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

    (d)    **Fed.R.App.P.4(a)(5) and 4(a)(6)**: Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

    (e)    **Fed.R.App.P.4(c)**: If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. Section 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3.    **Format of the notice of appeal**: Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. See also Fed.R.App.P. 3(c). A pro se notice of appeal must be signed by the appellant

4.    **Effect of a notice of appeal**: A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).