**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FT. MYERS DIVISION**

GLENN ACCIARD, et al.,

    Plaintiffs,

v.                                                 CASE NO. 2:07-CV-00476-FtM-36DNF

RUSSELL WHITNEY, et al.,

    Defendants.
_____/

**ORDER**

This cause comes before the Court on Defendant/Counter-Claimant National Credit Union Administration's ("NCUA") Motion to Strike Jury Trial Demand (Doc. 1006), filed on July 22, 2011. On August 22, 2011, Plaintiffs/Counter-Defendants[1] filed a Response. (Doc. 1019). For the reasons that follow, NCUA's Motion to Strike Jury Trial Demand will be granted.

**BACKGROUND**

From 2005 through 2006, the Construction Loan Company, Inc. ("CLC") issued loans to the Borrowers that were secured by mortgages on real property located in Florida. In return for the loans, the Borrowers executed and delivered notes to CLC. Thereafter, those notes and mortgages were assigned to Huron River Area Credit Union ("Huron") by CLC. On March 13, 2007, various plaintiffs, including the Borrowers, initiated an action against Huron and others in a multi-count

---

[1] The Plaintiffs/Counter-Defendants who join in this Motion are Howard Amberg, Jonathan Bates, Cynille Bates, Ann Bedwell, Robert Forscutt, Bruce and Mitzi Ghiloni, George and Noemi Hernandez, Wayne Kacher, Catherine and Kenneth Kapp, Frederick Laubach, Peter and Lynda Lewis, Donald and Nina Long, Tari Marek, Elizabeth Montgomery, Jeff Montgomery, Richard and Carol Shifflett, Merritt Silcox, James Wolfe, Joan Wright, and Andrew Long (collectively, the "Borrowers").

complaint in the Twentieth Judicial Circuit, Lee County, Florida (Doc. 2). That cause of action was removed to the Ft. Myers Division of the Middle District of Florida on July 31, 2007 (Doc. 1).

On November 17, 2007, NCUA placed Huron into involuntary liquidation and became the liquidating agent of Huron. (Doc. 671-4). As liquidating agent, NCUA enjoyed all right and title to Huron's assets. As a result of the Borrowers having failed to repay the principal and accumulated interest upon maturity of the notes, NCUA filed a counterclaim against the Borrowers on January 19, 2010 (Doc. 611) seeking to foreclose on the mortgages and obtain judgments on the notes. The NCUA amended its counterclaim on September 2, 2010 (Doc. 671). The Borrowers filed an Answer and Affirmative Defenses (Doc. 676), which they amended on October 12, 2010 (Doc. 693). The Borrowers have demanded a trial by jury on all claims (Doc. 693, p. 162). Trial on the NCUA's counterclaim is set for November 7, 2011 (Doc. 1043).

In their Motion to Strike the Borrowers demand for a jury trial, NCUA contends: (1) that the Borrowers have knowingly and voluntarily waived any right to a jury trial; (2) that the notes and mortgages are not void for illegality; and (3) that its motion to strike is timely. The Borrowers reply that: (1) NCUA has waived its ability to enforce the waiver provision; (2) the contract containing the purported jury trial waiver is illegal; and (3) they did not knowingly or voluntarily consent to waive their right to a jury trial and it would be unconscionable, contrary to public policy and unfair to enforce the jury trial waiver.

## ANALYSIS

"The Seventh Amendment right to trial by jury is a well-established and essential component to our federal judicial system." *FGDI, Inc. v. Bombardier Capital Rail, Inc.*, 383 F.Supp.2d 1350, 1352 (M.D.Fla. 2005). However, it is also well-established that a party can waive the right to a jury

trial by contract if the waiver is knowing, voluntary, and intelligent. *Allyn v. Western United Life Assurance Co.*, 347 F.Supp.2d 1246 (M.D.Fla. 2004).  The question of whether the right has been waived is governed by federal law. *Id.* at 1251; *see also Simler v. Conner*, 372 U.S. 221, 83 S.Ct. 609, 9 L.Ed.2d 691 (1963)).

### 1. The Borrowers Knowingly, Voluntarily, and Intelligently Consented to the Waiver Provision

"To enforce a jury trial waiver, the waiver must have been assented to knowingly, voluntarily, and intelligently." *Collins v. Countrywide Home Loans, Inc.*, 680 F.Supp.2d 1287, 1294 (M.D.Fla. 2010) (citing *Allyn*, 347 F.Supp.2d at 1252).  The Court considers the following factors in determining whether the waiver was knowing and voluntary: "(1) the conspicuousness of the provision in the contract; (2) the level of sophistication and experience of the parties entering into the contract; (3) the opportunity to negotiate terms of the contract; (4) the relative bargaining power of each party; and (5) whether the waiving party was represented by counsel." *Id*.  However, these factors are not determinative.  Instead, the Court must consider whether in light of the circumstances the waiver was "unconscionable, contrary to public policy, or simply unfair." *Id.*

Here, each of the Borrowers executed notes and mortgages with CLC which were subsequently assigned to Huron.  Each individual mortgage signed by a Borrower contains a jury trial waiver provision ("Waiver Provision") which reads:

> **25. Jury Trial Waiver:** The Borrower hereby waives any right to a trial by jury in any action, proceeding, claim, or counterclaim, whether in contract or tort, at law or in equity, arising out of or in any way related to this Security Instrument or the Note.

This Waiver Provision is identified with a bold-face heading, set forth in a separately numbered paragraph contained in the last paragraph of the page immediately preceding the Borrowers'

signature page. It is in the same font as the remainder of the document and consists of unambiguous plain English.

This Court is in agreement with other courts in finding this Waiver Provision to be clear and unambiguous. *See Winiarski v. Brown & Brown, Inc.*, 2008 WL 1930484 at *2 (M.D.Fla. May 1, 2008) (finding an identical jury trial waiver provision to be "more than sufficient to satisfy the requirement that the waiver be conspicuous"); *Murphy v. Cimarron Mortgage Co*, 2007 WL 294229 at *1 (M.D.Fla. Jan. 29, 2007). Moreover, this Waiver Provision has been found to be so conspicuous that it would be easily understandable by a layperson without any particular sophistication. *Collins*, 680 F.Supp.2d at 1295. Notably, the Court in *Collins* stated, "[s]imply reading the three-word bolded introduction to the paragraph makes [the intention of the provision] clear to the average reader ." *Id.* As in *Collins*, no special education or expertise would have been needed to understand the Waiver Provision. However, the Court notes that the Borrowers allege that they had some real estate education as they attended certain real estate educational courses offered by certain Defendants. *See* Doc. 190, ¶79.

The Borrowers contend that they had no bargaining power and that they were given the loan documents and told to sign where indicated. Nothing in the filings before this Court indicate that the Borrowers could not have negotiated the Waiver Provision. Further, the Borrowers do not explain why they could not have walked away from the deal if they found the Waiver Provision unreasonable. It does not appear that the Borrowers signed the notes and mortgages under extreme pressure. The Court finds no merit in the Borrowers' arguments that they had inadequate opportunity to negotiate and/or insufficient bargaining power with regard to entering the contracts.

The totality of the circumstances indicate that the Waiver Provision is enforceable. The waiver is not unconscionable, contrary to public policy or unfair. As such, the Court finds the Borrowers knowingly, voluntarily, and intelligently consented to the Waiver Provision.

**2. The Waiver Provision is not Unenforceable Based on the Borrowers' Claims that the Underlying Contract was Illegal and Void**

Courts have found that "[a]n allegation of fraud going into a contract generally is not enough to invalidate a jury trial waiver provision in a contract." *Collins*, 680 F.Supp.2d at 1296; *see also Allyn*, 347 F.Supp.2d at 1255. Rather, allegations and evidence of fraud must relate specifically to the waiver provision. *Id.* citing *Telum, Inc. v. E.F. Hutton Credit Corp.*, 859 F.2d 835, 837 (10th Cir. 1988).

Here, the Borrowers have made no allegations of fraud with regard to the Waiver Provision. As explained in *Collins*, a rule allowing a party to invalidate a jury trial waiver agreement simply by general allegations of fraud would be impractical. *Id.* Moreover, the Court has determined that the Borrowers' allegations of fraud are barred by the *D'Oench* doctrine.[2] Therefore, the Court finds the Waiver Provision is not unenforceable simply because the Borrowers have alleged the underlying contract was illegal and void.

**3. NCUA has not Waived its Ability to Enforce the Waiver Provision**

Fed.R.Civ.P. 39(a)(2) provides "no time limit" by which a party must object to a jury demand. *JPA, Inc. v. USF Processors Trading Corp. Inc.*, 2006 WL 740401 at *12 (N.D.Tex. Mar. 15, 2006); see *also Tracinda Corp. v. DaimlerChrysler AG*, 502 F.3d 212, 227 (3rd Cir. 2007). In general, "parties 'have a great deal of latitude on the timing of motions to strike a jury demand', but

---

[2] This doctrine was established by the Supreme Court in *D'Oench, Duhme & Co., Inc. v. FDIC*, 315 U.S. 447 (1942).

the court has discretion to decide whether a motion to strike a jury demand is timely or too late." *Burton v. General Motors Corp.*, 2008 WL 3853329 at *7 (S.D.Ind. Aug. 15, 2008) (quoting *Tracinda*, 502 F.3d at 226). "In making its decision, the court should consider issues such as judicial economy and whether the opposing party will be prejudiced by trying her case to a court instead of a jury." *Id.* citing *Tracinda*, 502 F.3d at 226; *see also Kramer v. Banc of America Securities, LLC*, 355 F.3d 961, 968 (7th Cir. 2004) (finding the granting of a motion to strike a jury demand two weeks before trial would not be prejudicial); *U.S. v. L.D.T. Corp.*, 302 F.Supp. 990, 991 (E.D.Pa. 1969) (granting a motion to strike jury trial demand five years after initiation of the suit, where defendant could not show prejudice).

The Borrowers assert that NCUA's acquiescence to placement of this matter on the jury trial calendar and failure to object to the jury trial demand for a period of time precludes it from enforcing the Waiver Provision. *See Coleman v. Lazy Days RV Center, Inc.*, 2007 WL 2696789 at * 2 (M.D.Fla. Sept. 12, 2007); *Madura v. Countrywide Home Loans, Inc.*, 2008 WL 151850 *1-2 (M.D.Fla. Jan. 15, 2008). In *Coleman*, the court found the defendant waived its right to enforce a jury trial waiver provision by "taking action inconsistent with that right." *Coleman*, 2007 WL 2696789 at *2. Relying on *Coleman*, the *Madura* Court reached essentially the same holding. However, *Coleman* and *Madura* do not create binding precedent that a party automatically waives the right to enforce a jury trial waiver after exhibiting specific conduct or waiting for a defined amount of time. Ultimately, this decision remains in the Court's discretion. *See Burton*, 2008 WL 3853329 at *7.

A review of the record in this case supports a conclusion that NCUA has not waived its ability to enforce the jury waiver provision. Earlier in this case, the NCUA filed a motion to strike

the demand for jury trial asserted by Plaintiffs in their Amended Complaint (Doc. 463). On February 25, 2010, the Court denied the motion finding that too much time had passed since the commencement of the action and that NCUA agreed to scheduling of this case on the jury trial calendar (Doc. 627). This motion only addressed the Plaintiffs demand for a jury trial on their claims.

The posture and complexity of this case has significantly changed since that February 2010 Order was entered. Initially, there were approximately 55 Plaintiffs and 30 Defendants in this case. It was expected that one trial would be held on all claims. Other than defaulted Defendants or non-responding Defendants, the Plaintiffs' claims have been resolved through settlement or summary judgment. The only claim presently at issue is the NCUA's foreclosure counterclaim against approximately 20 Borrowers. The jury demand at issue is the jury demand in the Borrowers' Amended Answer and Affirmative Defenses (Doc. 693), filed on October 12, 2010, a little over a year ago. Further, on May 4, 2011 (Doc. 960), the Court advised the parties that the NCUA's counterclaim would be tried separately, at a date to be determined. *See also* Doc. 950. Within three months of this determination, the NCUA filed its motion to strike jury trial demand. Significantly, the Borrowers have not demonstrated how they will be prejudiced by striking their demand for a jury trial, particularly since the mortgages they signed contain a Waiver Provision.

Judicial economy and the conservation of resources would certainly be promoted by trying this case to a court instead of a jury. There are numerous parties and voluminous records. Moreover, the Court is very familiar with this matter, having handled this case for nearly two years. The matter remaining for trial is simply the foreclosure of mortgages. The Borrowers advanced no compelling reasons as to why a bench trial would be prejudicial to them in their pleadings or during

the Pretrial Conference held on August 22, 2011.  Therefore, the NCUA's Motion to Strike Jury Demand will be granted.

Accordingly, it is hereby **ORDERED and ADJUDGED**:

1. Defendant/Counter-Claimant National Credit Union Administration's Motion to Strike Jury Trial Demand (Doc. 1006) is **GRANTED**.

**DONE AND ORDERED** at Ft. Myers, Florida, on October 13, 2011.

Charlene Edwards Honeywell
United States District Judge

**COPIES TO**:
COUNSEL OF RECORD